## LARRISON vs. LARRISON.

1. On a bill for divorce, proof that the parties charged were together in a place where, and at a time when, it was possible for them to have been guilty of adultery, is not sufficient to warrant a decree; nor will this defect of proof be supplied by evidence that defendant had many years before lived in concubinage with a married man.

2. The testimony of a witness as to facts which, if true, would establish adultery, will not avail to support a bill for divorce in the face of the explicit denial of the charge by the defendant and her alleged paramour under oath, when the cross-examination of the witness shows that no reliance can be placed upon his testimony, and his character for veracity is seriously impaired.

This case was heard upon the pleadings and proofs.

Complainant, *pro se.*

*Mr. Keasbey,* for defendant.

THE CHANCELLOR.

The complainant asks for a divorce from his wife on the ground of adultery, alleged to have been committed with four different persons named in the bill. The question is, whether there is sufficient evidence to prove the adultery in either case. Proof that the parties were together in a place and at a time where and when it was possible for them to have been guilty, is not sufficient. This defect of proof will not be supplied by proof that the defendant, many years before, had for a period lived in concubinage with a married man. This is about the amount of the proof so far as three of the charges are concerned. In the case of DeHart, the evidence goes much farther, and if the evidence of Medler, on his direct-examination, could be believed, it would be sufficient to convince any court that the defendant was guilty of adultery. In his direct examination, he says that in passing the window of the room, he saw a man and woman on the floor,

the man was raising up, and the woman lay with her legs and linen exposed; and that when he knocked at the door of the room, the defendant opened it and told him that her husband was not at home. But in his cross-examination, he states that he did not see the defendant's face, or recognize her in any way, and that what he saw might have been the defendant or her child of five years old, lying on the floor or on a chair. His answers on cross-examination show that no reliance can be placed upon his testimony as a ground of divorce. Besides this, his character for veracity and his credibility are seriously impaired, and the defendant and her alleged paramour explicitly deny it under oath. And although it may not be physically impossible that a person could see what this witness describes through a window opening to the west, at three o'clock in the afternoon in summer, with the glass down, and the outside blinds shut, as he was walking past it, yet the improbability of it is very great.

From the whole evidence, I am not convinced that the defendant committed adultery with DeHart. In fact, the evidence is not such as to raise any cloud over his character.

In the other three cases, both the defendant and each of the alleged participants have fully denied the charge under oath, though without this there was not in either case, as I have above stated, sufficient evidence to sustain the charge if not contradicted.

The bill must be dismissed with costs, and the complainant must be directed to pay a counsel fee of one hundred dollars, to the defendant or her counsel.